IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROSEMARY HENN, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. 8:15-cv-257 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **NOTICE OF REMOVAL** |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

Defendant, American Family Mutual Insurance Company (hereinafter "American Family"), pursuant to 28 U.S.C. § 1453(b), 28 U.S.C. § 1446(b) and/or 28 U.S.C. § 1441 *et seq.*, provides notice of removal of this action from the District Court of Douglas County, Nebraska, where the case is currently pending, to the United States District Court for the District of Nebraska. In support, American Family states as follows:

1. A defendant has a right of removal where an action is brought in a state court over which the district court has original jurisdiction.

2. As outlined below, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because there is minimal diversity of citizenship, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the proposed class exceeds 100 persons.

**INTRODUCTION**

3. Plaintiffs originally filed this lawsuit in the District Court of Douglas County, Nebraska, Case No. CI-15-5322 (hereinafter "State Court Action"). The Class Action Complaint and Jury Demand is attached hereto as Exhibit 1. The District Court issued a summons on

1

June 16, 2015. Service was made on American Family through the Corporate Service Company on June 17, 2015. As of July 15, 2015, the State Court has not certified a class, nor has any other action has been taken.

4. Attached as Exhibit 2, and incorporated herein by reference, are true and complete copies of all "process, pleadings, and orders" from the District Court of Douglas County, Nebraska, as required by 28 U.S.C. § 1446(a).

5. Written notice of this filing is concurrently being given to all adverse parties as required by law. A true and correct copy of this Notice of Removal and the Notice of Removal of Civil Action is concurrently being filed with the Clerk of the District Court of Douglas County, Nebraska, as required by 28 U.S.C. § 1446(d), the latter being attached as Exhibit 3.

6. Venue is proper in this district because the District Court of Douglas County, Nebraska is within the District of Nebraska.

7. In her Class Action Complaint and Jury Demand, Plaintiff claims that she received less than what she was due under her American Family insurance policy because American Family "improperly depreciated the cost of the labor required to repair the damage to Plaintiff's property." Ex. 1 at ¶ 2. Plaintiff further claims that "by depreciating labor costs associated with repair to Plaintiff's property in the [actual cash value] payment," American Family breached its contractual duty to indemnify Plaintiff. Ex. 1 at ¶¶ 25, 52. Plaintiff claims the entire amount of depreciated labor withheld from her actual cash value payment as damages. Ex. 1 at ¶ 55; *see also* p. 15, ¶ E ("Prayer for Relief"). Plaintiff also seeks an order requiring American Family to disgorge all income earned as a result of its depreciation of labor costs. Ex. 1 at p. 15, ¶ G.

8. In addition, Plaintiff claims that American Family's depreciation of labor costs and other conduct violates the Nebraska Consumer Protection Act, and seeks to recover actual damages, costs, and attorney's fees pursuant to that statute. Ex. 1, ¶¶ 68-69, 72. She also claims that American Family was unjustly enriched at her expense. Ex. 1, ¶¶ 56-65.

9. Plaintiff seeks to represent a class consisting of:

> [a]ll persons and entities that received "actual cash value" payments, directly or indirectly, from American Family for loss or damage to a dwelling, business, or other structure located in the State of Nebraska, such payments arising from events that occurred from June 1, 2005 through the date of trial of this Action, where the cost of labor was depreciated.

Ex. 1, ¶ 27 (the "Proposed Class"). Excluded from the Proposed Class are "all persons and entities that received payment from American Family in the full amount of insurance shown on the declarations page." *Id.*

10. Plaintiff claims that "hundreds if not thousands of people geographically dispersed across Nebraska have been damaged by [American Family's] actions," and that joinder of all members of the proposed class is thus impractical. Ex. 1, ¶ 28. Plaintiff also alleges that "common questions of law and fact exist" as to all proposed class members, and that Plaintiff's claims "are typical of the claims of all the proposed class members, as they are all similarly affected" by American Family's customs and practice. Ex. 1, ¶¶ 29, 30. Plaintiff asserts that she and her counsel "will fairly and adequately protect the interests of the members of the proposed class," and that "[t]he size of the individual claims is likely not large enough to justify filing a separate action for each claim" of each individual proposed class member. Ex. 1, ¶ 32.

11. In her Prayer for Relief, Plaintiff demands that the Court award Plaintiff and the proposed class "damages in an amount equal to the total amount of depreciated labor costs withheld on Plaintiff's and proposed class members' claims," and direct American Family "to

3

disgorge to Plaintiff and the proposed class members all income earned as a result of its depreciation of labor costs," along with interest, costs, attorney's fees, and "any and all other relief to which Plaintiff and the other proposed class members appear to be entitled." Ex. 1 at p. 15, ¶¶ E, F, G, I, K.

12. Plaintiff also seeks a declaration that American Family has "breached its contractual obligations to the Plaintiff and the proposed class by depreciating labor costs," and a declaration that American Family "has been unjustly enriched as the result of its wrongful conduct." Ex. 1 at p. 14, ¶¶ C-D.

## THIS NOTICE OF REMOVAL COMPLIES WITH CAFA AND IS TIMELY

13. This Notice of Removal meets all necessary procedural requirements for removing putative class actions pursuant to CAFA, 28 U.S.C. § 1332(d).

14. Plaintiff's Class Action Complaint and Jury Demand is a "class action" within the meaning of CAFA because it was filed pursuant to Nebraska Rev. Stat. § 25-319, which provides that "[w]hen the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." *See also* 28 U.S.C. §§ 1332(d)(1)(B) & 1453(a).

15. This lawsuit is a civil action and has not been tried.

16. Defendant has thirty days after service of Plaintiff's Class Action Complaint and Jury Demand to file its Notice of Removal. 28 U.S.C. § 1332(d)(7)-(8) & 28 U.S.C. § 1453(b)(3).

17. Plaintiff's Class Action Complaint and Jury Demand was filed with the District Court of Douglas County, Nebraska on June 16, 2015, and American Family was first served on June 17, 2015, such that this Notice of Removal is timely.

## DIVERSITY OF CITIZENSHIP

18. For purposes of diversity jurisdiction and removal under 28 U.S.C. § 1332(d)(2)(A), minimal diversity of citizenship is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

19. When determining diversity jurisdiction, a business organized as a corporation is "deemed to be a citizen of a State by which it has been incorporated" and also a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (citing U.S.C. 28 § 1332(c)(1)).

20. Here, American Family is incorporated in and has its principal place of business in Wisconsin. Plaintiff acknowledges that American Family is domiciled in Wisconsin in her Complaint. Ex. 1, ¶ 7. Thus, American Family is a citizen of Wisconsin only for purposes of diversity.

21. As alleged in her Complaint, Plaintiff Rosemary Henn is a Nebraska resident. Ex. 1, ¶ 6. The citizenship of every member of the Proposed Class is unknown, as the Complaint only confines the class to "[a]ll persons and entities that received 'actual cash value' payments, directly or indirectly, from American Family for loss or damage to a dwelling, business, or other structure located in the State of Nebraska . . . ." Ex. 1 at ¶ 27.

22. This lawsuit nevertheless satisfies CAFA's minimal diversity requirement because at least one putative class member is a citizen of Nebraska and American Family is a citizen of Wisconsin.

5

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

23. "[A] defendant seeking to remove a case to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

24. Pursuant to 28 U.S.C. § 1332(d)(6), the claims of the individual class members can be aggregated to satisfy the $5,000,000 in controversy requirement.

25. In insurance class actions, it is common to use the estimated difference between benefits already paid and total benefits purportedly owed as the amount in controversy. *See, e.g. Bernert v. State Farm Fire and Cas. Co.*, Civ. No. 10-12359, 2012 WL 1060089, at *1 (E.D. Mich. Mar. 29, 2012) (finding that where the plaintiff sought to compel an appraisal procedure in a dispute over the amount of an insured loss, the amount in controversy was the difference between the paid benefits and the expected valuation following the appraisal process); *Sunshine v. Reassure Am. Life Ins. Co.*, No. 12-1796, 2013 WL 586775, at *2 (3d Cir. Feb. 15, 2013) (finding the amount in controversy under CAFA satisfied by estimating the "gap amount" between benefits paid and benefits owed as multiplied by the number of class members); *Flores v. Dairyland Ins. Co.*, No. 07-13878, 2008 WL 162593, at *4 (E.D. Mich. Jan. 17, 2008) (finding that where the plaintiff seeks declaratory relief regarding rights to certain insurance benefits, it is proper to include the "estimated amount of those benefits . . . in the amount in controversy"); *Paddack v. Life Ins. Co. of N. Am.*, No. 4:09-CV-25-TS, 2009 WL 2611932, at *2-5 (N.D. Ind. Aug. 24, 2009) (holding that estimated unpaid disability benefits, among other categories of damages, satisfied the amount-in-controversy threshold). Plaintiff claims she and other class

6

members are owed the difference between the amounts they have received and the amounts of depreciated labor withheld from their payments. *See* Ex. 1 at ¶ 10.

26.     In addition to compensatory damages, the court may consider other forms of relief in calculating the amount in controversy, including statutory damages, punitive damages, attorney's fees authorized by statute, and equitable relief sought by the plaintiff class. *See, e.g. Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 55 (2d Cir. 2006) (statutory damages); *Kerbs v. Safeco Ins. Co. of Illinois*, No. 11-cv-1642, 2011 WL 6012497, at *2 (W.D. Wash. Dec. 1, 2011) (attorneys' fees); *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011).

27.     As alleged in her Complaint, Plaintiff seeks to represent a class consisting of "[a]ll persons and entities that received 'actual cash value' payments, directly or indirectly, from American Family for loss or damage to a dwelling, business, or other structure located in the State of Nebraska, such payments arising from events that occurred from June 1, 2005 through the trial date for this Action, where the cost of labor was depreciated." Ex. 1, ¶ 27. While the precise calculation of the amount of unreimbursed depreciated labor used for purposes of making actual cash value payments differs from insured to insured based on the individual circumstances of each claim, and could be determined for each specific putative class member only by individual examination of each insured's claim file, American Family estimates that, in the aggregate, for the years 2008–2014, it depreciated labor for Nebraska homeowners by an amount in excess of $30 million for the type of homeowner policy Plaintiff had. Approximately eighty percent of depreciated costs are later repaid to the insureds, on average. Accordingly, between the years 2008 and 2014, an estimated twenty percent of $30 million, or $6,000,000, was depreciated labor not subsequently paid to Proposed Class members. This amount, $6,000,000, far exceeds the $5,000,000 minimum amount in controversy required by CAFA.

28. This calculation of $6,000,000 certainly understates the amount in controversy. For example, it is based only on the specific insurance policy form issued to Plaintiff, but there are other types of homeowner insurance policies that were sold to Nebraska residents during the proposed class period. Moreover, this figure includes the years 2008 through 2014 only, because American Family has no means to calculate even an estimated aggregate dollar amount for labor depreciated from 2005 to 2007, and does not yet have complete figures for January 2015 through present. Fewer insureds made claims involving structure payments in those years.[1] But even decreasing the amount of estimated labor depreciation to account for the decreased volume of claims for those years, assuming 2005 through 2007 had similar rates of depreciated labor per claim as was experienced from 2008 through 2014, the estimated amount of depreciated labor that was not subsequently repaid would increase by more than $1.3 million, raising the amount in controversy to over $7 million. This leads to the conclusion that the amount in controversy is certainly greater than the minimum $5 million required amount in controversy.

29. Plaintiff also seeks an order from the Court directing American Family to disgorge to Plaintiff and the Proposed Class members "all income earned as a result of its depreciation of labor costs." While American Family does not have a way to accurately determine this amount, it increases the amount in controversy, which is already well above the threshold requirement of $5,000,000.

30. Not only does Plaintiff seek compensatory damages on behalf of herself and the Proposed Class, she also seeks attorney's fees pursuant to statute, and other relief. Plaintiff claims that American Family's depreciation of labor costs and other conduct violates the Nebraska Consumer Protection Act, and seeks to recover actual damages, costs, and attorney's

---

[1] The volume of claims with a structure payment for NE HO-5 policies from 2005-2007 was approximately forty-seven percent less than the volume of such claims from 2008-2014.

8

fees as allowed by statute as well as "any and all other relief to which Plaintiff and the other proposed class members appear to be entitled." Ex. 1, ¶¶ 68-69, 72, and p. 15, ¶ K. Plaintiff specifically invokes Neb. Rev. Stat. § 59-1609, which grants the Court discretion "to increase the award of damages to an amount which bears a reasonable relation to the actual damages which have been sustained and which damages are not susceptible of measurement by ordinary pecuniary standards; except that such increased award for violation of section 59-1602 [of the Nebraska Consumer Protection Act] shall not exceed one thousand dollars." These additional categories of damages increase the amount in controversy yet further.

31. Further, Plaintiff seeks an order enjoining American Family from the "unlawful and unjust conduct complained of herein," which would effectively increase American Family's annual actual cash payments to a material degree, again increasing the amount in controversy well beyond the minimum threshold amount of $5,000,000. Ex. 1, p. 15, ¶ H.

### THE CLASS CONSISTS OF MORE THAN 100 MEMBERS

32. For a class action to be removable under CAFA, the proposed class must consist of 100 or more persons. *See* 28 U.S.C. § 1332(d)(5)(B); 28 U.S.C. § 1711 ("class members" means persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action).

33. The Proposed Class is alleged to include "hundreds if not thousands of people" Ex. 1, ¶ 27. American Family has determined that between 2008 and 2014, which is shorter than the actual class period proposed in the Complaint, there were more than 25,036 Nebraska homeowner claims with depreciated labor. Thus, both parties agree that the Proposed Class has in excess of the minimum 100 members for CAFA jurisdiction to lie.

## THERE IS NO APPLICABLE EXCEPTION TO JURISDICTION

34. Because American Family has established this Court's jurisdiction under 28 U.S.C. § 1332(d)(2), the burden falls on Plaintiff to prove one of the exceptions to jurisdiction under subsections (d)(3) or (4) to defeat jurisdiction.

35. Under § 1332(d)(3), a court may decline to exercise jurisdiction over a class action in which "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3). Here, § 1332(d)(3) does not apply because the State in which the action was originally filed was Nebraska and the only defendant, American Family, is a citizen and resident of Wisconsin.

36. Under § 1332(d)(4)(A), a court must decline to exercise jurisdiction if, among other requirements, "at least 1 defendant from whom significant relief is sought by members of the plaintiff class" or "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class" is "a citizen of the State in which the action was originally filed." As addressed above, the only defendant, American Family, is a citizen and resident of Wisconsin, so § 1332(d)(4)(A) does not apply.

37. Separately, under § 1332(d)(4)(B), a court must decline to exercise jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." As demonstrated above, the only defendant, American Family, is a citizen and resident of Wisconsin, so § 1332(d)(4)(B) does not apply.

**NO WAIVER REGARDING CLASS TREATMENT OR DAMAGES**

38. American Family denies allegations this case should be certified as a class action and expressly reserves the right to oppose any motion for class certification filed in this action. American Family further expressly denies Plaintiff or the Proposed Class are entitled to any recovery. Neither has properly alleged or could prove, among other things, deception, unfairness or reliance, or that they suffered any cognizable injury in fact, pecuniary loss or actual damage. By asserting arguments regarding the possible aggregate recovery for purposes of removal, American Family expressly does not waive or concede any defense, legal or equitable, concerning Plaintiff's claims, including whether class certification is appropriate or damages allowable.

WHEREFORE, Defendant provides notice that this action is removed from the District Court of Douglas County, Nebraska to the United States District Court for the District of Nebraska for the exercise of jurisdiction over this action as though this action had originally been instituted in this Court. In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, American Family respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**PLACE OF TRIAL**

Pursuant to NECivR 40.1 (b), American Family requests trial in Omaha.

Dated this 15th day of July, 2015.

                AMERICAN FAMILY MUTUAL
                INSURANCE COMPANY, Defendant


By:   */s/ Bartholomew L. McLeay*
      Bartholomew L. McLeay, #17746
      Brooke H. McCarthy, #25077
      KUTAK ROCK LLP
      The Omaha Building
      1650 Farnam Street
      Omaha, NE 68102
      Telephone: (402) 346-6000
      Facsimile: (402) 346-1148
      Email: bart.mcleay@kutakrock.com
      Email: brooke.mccarthy@kutakrock.com

### **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2015, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and served a copy of the same via U.S. First Class Mail to the following:

Eric R. Chandler, Esq.
Law Offices of Eric R. Chandler, PC, LLO
Keeline Building
319 S. 17th St., Ste. 522
Omaha, NE 68102

M. Austin Mehr, Esq.
Philip G. Fairbanks, Esq.
Erik D. Peterson, Esq.
Mehr Fairbanks Trial Lawyers, PLLC
201 W. Short St., Ste. 800
Lexington, KY 40507

*Attorneys for Plaintiff and the Proposed Class*

                */s/ Bartholomew L. McLeay*
                Bartholomew L. McLeay