# EXHIBIT 1

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150005322
Transaction ID: 0002478782
Filing Date: 06/16/2015 12:36:29 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY NEBRASKA

| | | |
|---|---|---|
| ROSEMARY HENN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff | ) ) | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| v. | ) ) | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant | ) ) | |

## Introduction

COMES NOW Plaintiff, Rosemary Henn, individually and on behalf of all others similarly situated, and for her Class Action Complaint against Defendant American Family Mutual Insurance Company ("American Family") states and alleges the following:

1.    On or about August 18, 2011, Ms. Henn's home located at 26655 Wirtz Plaza, Waterloo, Nebraska   (the "Insured Property") suffered damage covered by policy number 26BE499201 issued to Ms. Henn by American Family.  The damage to the Insured Property required replacement and/or repair.

2.    While American Family did compensate Plaintiff for certain damage to her property, as alleged in detail below, under its actual cash value ("ACV") calculation, American Family systematically and improperly depreciated the cost of the labor required to repair the damage to Plaintiff's property.  As a result, American Family underpaid Plaintiff's claim, thus leaving Plaintiff under-indemnified.

3.    By underpaying Plaintiff's claim, American Family denied Plaintiff access to funds necessary to pick up the pieces during a period of great need and tremendous stress.  This is directly contrary to the purpose of insurance – to protect insureds when they are in such need.

4.      American Family's systematic underpayment of claims is not limited to Plaintiff's claims.  On information and belief, American Family consistently depreciates the cost of labor from its ACV calculations for property damage claims made throughout Nebraska and has been doing so at all times relevant to the allegations of this Complaint.  This includes payments to victims of natural disasters such as tornados and other wind storms, victims of fire, and those who have suffered from any other form of covered real property loss.

5.      Nebraska law allows an insurer to depreciate the value of building materials, but does not allow the depreciation of the cost of labor.  As a result, and as detailed below, by depreciating labor costs from its ACV calculations around Nebraska, American Family has engaged, and continues to engage, in a systematic and unlawful pattern of underpayment of insurance claims.

**Parties**

6.      Plaintiff Rose Henn is a resident of Douglas County, Nebraska.

7.      Defendant American Family is an insurance company domiciled in the state of Wisconsin and is believed to be licensed to do business in the State of Nebraska.

8.      Defendant's service of process agent is CSC-Lawyers Incorporating Service, Co., located at 233 South 13th Street, Suite 1900, Lincoln, Nebraska 68508.

**Jurisdiction and Venue**

9.      Subject matter jurisdiction is proper in this Court because this Court is a court of general jurisdiction.

10.     In determining the amount in controversy, Plaintiff clarifies that she is not seeking the aggregate amount of depreciated labor costs for herself and all proposed class members throughout the proposed class period.  Instead, depreciated labor costs for ACV payments are

2

sometimes later paid to policyholders upon further adjustment of their claims. If amounts for depreciated labor are later repaid to a policyholder, those amounts would not be included in the damages requested by Plaintiff on behalf of herself and the proposed class members.

11.     This Court has personal jurisdiction over American Family as American Family is licensed to do business in Nebraska and has had more than minimum contacts with the State of Nebraska and has availed itself of the privilege of conducting business in this state.

12.     Venue is proper in this Court because the claims asserted herein arise out of transactions between Plaintiff and American Family that occurred in Douglas County.

## Factual Background

13.     Ms. Henn contracted with American Family for an insurance policy providing coverage for certain losses to her home – the Insured Property. At all times relevant to this action Ms. Henn's property was insured under American Family Policy No. HOM051577692.

14.     On or about August 18, 2011, the Insured Property, as well as property within the Insured Property, suffered damage covered by policy number 26BE499201. The damage to the Insured Property required replacement and/or repair. Plaintiff timely submitted claims to American Family requesting payment for her covered losses.

15.     American Family subsequently confirmed that Plaintiff had sustained covered losses to her property, and that American Family was contractually obligated to pay Plaintiff's claim for her covered losses pursuant to the terms of their insurance policy.

16.     Soon after the August 18, 2011 loss, American Family sent an adjuster to inspect the damage to Ms. Henn's home. As set forth in a written estimate and correspondence to Plaintiff, American Family's adjusters determined that Ms. Henn had suffered a covered loss in the amount of $3,252.60 to her home. The estimate included the cost of materials and labor

required to complete the repairs. A copy of the estimate and correspondence sent to Ms. Henn is attached as Exhibit A.

17.     In calculating its payment obligations to Ms. Henn, American Family subtracted from the adjuster's replacement cost estimate the $1,000 deductible provided for in the policy plus an additional $276.67 for depreciation.

18.     The estimate upon which Ms. Henn's payment was based indicates that American Family depreciated both material costs and labor costs associated with repairs to his office. For example, American Family estimated the cost of staining and finishing the deck to be $468.00. American Family then depreciated from the total replacement cost estimate to stain and finish the deck, which constitutes labor and materials, $154.44 to arrive at what it designates as an "ACV," i.e. actual cash value, of $313.56.

## Policy Terms and Claims Settlement Practices

19.     The policy of insurance American Family issued to Ms. Henn and other members of the proposed class provides replacement cost value ("RCV") coverage for both total loss of and partial loss to covered dwellings and other structures.

20.     At all times relevant to this cause of action, American Family's custom and practice has been to pay its RCV policy holders the actual cash value ("ACV") of covered loss claims, net of any applicable deductible. In order to qualify for additional payment and recover the full RCV of the covered loss, the insured party must repair, rebuild or replace the damaged property within a specific time frame and submit proof to American Family that the repair of replacement was timely completed. Costs that exceed the amount of the ACV payment are the responsibility of the policy holder.

21.     At all times relevant hereto, American Family's methodology for calculating ACV has been to determine the cost of repairing or replacing the damaged property then deduct depreciation.

22.     In the context of insurance law, "depreciation" is defined as "[a] decline in an asset's value because of use, wear, obsolescence, or age." BLACK'S LAW DICTIONARY 506 (9th ed. 2009). Materials used in the repair or replacement of damaged property e.g. roofing shingles or metal, diminished in value over time due to use, wear, obsolescence, and age. As such, these are assets that can be depreciated. In contrast, labor is not susceptible to aging or wear. Its value does not diminish over time. Conceptually, and practically, depreciation simply cannot be applied to labor costs.

23.     The universally accepted premise is that the basic purpose of property insurance is to provide indemnity to policy-holders. To indemnify means to put the insured back in the position he or she enjoyed before the loss – no better and no worse. A policy that provides for payment of the ACV of a covered loss is an indemnity contract because the purpose of the ACV payment is to make the insured whole but not to benefit him or her because a loss occurred. See APPLEMAN ON INSURANCE 2D § 3823. An RCV policy expands the basic concept of indemnity to include coverage for repairs and replacement costs that exceed the ACV of the loss.

24.     In order to recover the RCV of her covered loss, Plaintiff and other proposed class members are required to pay the out of pocket the difference between the cost of materials and labor necessary to repair or replace the damaged property and the depreciated ACV payment they received from Defendant. While an insurer may lawfully depreciate material costs in calculating the amount of an ACV payment owed to an insured, it may not depreciate labor costs. Defendant's failure to pay the full cost of the labor necessary to repair or replace Plaintiff's

damaged property in the ACV payment left Plaintiff under-indemnified and underpaid for her losses.

25.     Defendant materially breached its duty to indemnify Plaintiff by depreciating labor costs associated with repairs to Plaintiff's property in the ACV payment, thereby paying Plaintiff less than what she was entitled to receive under the terms of the insurance contract.

### Class Action Allegations

26.     Pursuant to Nebraska Rev. Stat. § 25-319, Plaintiff brings this action on her own behalf and on behalf and all others similarly situated.   This action satisfies the § 25-319 requirements of commonality, numerosity, and superiority.

27.     The proposed class which Plaintiff seeks to represent is defined as follows:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from American Family for loss or damage to a dwelling, business, or other structure located in the State of Nebraska, such payments arising from events that occurred from June 1, 2005 through the date of trial of this Action, where the cost of labor was depreciated.  Excluded from the Class are: (1) all persons and entities that received payment from American Family in the full amount of insurance shown on the declarations page; (2) American Family and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

28.     The members of the proposed class are so numerous that joinder of all members is impractical.  Plaintiff reasonably believe that hundreds if not thousands of people geographically dispersed across Nebraska have been damaged by Defendant's actions.   The names and addresses of the members of the proposed class are identifiable through records maintained by Defendant, and proposed class members may be notified of the pendency of this action by mailed, published and/or electronic notice.

29.     Common questions of law and fact exist as to all proposed class members and predominate over any questions affecting only individual proposed class members. The questions of law and fact common to the proposed class include, but are not limited to:

A.      Whether Defendant's insurance policies allow Defendant to depreciate labor in calculating ACV payments for covered losses;

B.      Whether Defendant's insurance policies are ambiguous concerning the depreciation of labor costs in calculating ACV payments, and if so, how Defendant's insurance policies should be interpreted;

C.      Whether Defendant's depreciation of labor costs in making ACV payments for covered losses is a breach of the insurance contracts issued by Defendant to Plaintiff and other proposed class members.

D.      Whether Plaintiff and other proposed class members have been damaged by Defendant's breaches, as alleged herein, and if so:

1.      What is the nature and extent of those damages; and

2.      What relief should be awarded to Plaintiff and other proposed class members;

E.      Whether Defendant has been unjustly enriched by retaining money that should have been paid to Plaintiff and other proposed class members;

F.      Whether Defendant violated Neb. Rev. Stat. § 59-1609 by depreciating labor costs in calculating ACV payments and refusing to disclose to Plaintiff and other proposed class members that it had done so.

30.     Plaintiff's claims are typical of the claims of all the proposed class members, as they are all similarly affected by Defendant's custom and practice of unlawful and unjust conduct and their claims are based on such conduct. Further, Plaintiff's claims are typical of the claims of all proposed class members because their claims arise from the same or similar underlying facts and are based on the same factual and legal theories. Plaintiff is no different in any material respect from any other member of the proposed class – all members of the proposed class had labor unlawfully depreciated.

31.     Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the class she seeks to represent. Plaintiff has retained counsel who are competent and experienced in class action litigation and complex insurance-related cases and will fairly and adequately represent the interests of the proposed class. Plaintiff and her counsel will prosecute this action vigorously.

32.     A class action is superior to all available methods for the fair and efficient adjudication of this controversy.  Joining all proposed class members in one action is impracticable, and prosecuting individual actions is not feasible.  The size of the individual claims is likely not large enough to justify filing a separate action for each claim.  For many, if not most class members, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice.  Even if proposed class members had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed.  Individual litigation exacerbates the delay and increases the expense for all parties, as well as the court system.  Moreover individual litigation could result in inconsistent adjudications of common issues of law and fact.

33.     In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of Plaintiff and proposed class members.  These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

34.     Class certification is further warranted because Defendant has acted or refused to act on grounds that apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class as a whole.

8

## Fraudulent Concealment and Equitable Estoppel

35.     At all times relevant to the allegations set forth herein, Defendant owed a fiduciary duty to, and/or had a special relationship with, Plaintiff and other proposed class members.

36.     Throughout the claims process, Plaintiff and other proposed class members asked Defendant to pay them what they were entitled to receive as the ACV of her covered losses under the terms of the insurance policy.  Defendant affirmatively responded to Plaintiff and other proposed class members that their ACV payments were the full amount owed under policies and that no additional money was owed under the ACV calculation.

37.     Throughout the claims process, Defendant affirmatively responded to Plaintiff and other class members by providing them with worksheets purporting to detail any and all deductions assessed in determining the ACV calculation pursuant to the Nebraska Admin. Code Title 210, Ch. 60.  However, in violation of its duty under Nebraska Admin. Code Title 210, Ch. 60 to detail any and all deductions, Defendant failed to detail, or even disclose, its depreciation of labor costs.

38.     Neither Defendant's insurance policies in force during the proposed class period nor its adjuster's worksheets disclose that American Family depreciates labor costs.  Given American Family's practice of depreciating labor costs, the insurance policies and adjuster worksheets are thus materially misleading.

39.     Plaintiff and other proposed class members justifiably and reasonably relied upon Defendant's representations that they had received all they were entitled to recover as ACV payments from Defendant under the terms of their policies.  Plaintiff and other proposes class members likewise justifiably and reasonably relied upon Defendant's insurance policies and

adjuster worksheets, neither of which disclosed that American Family depreciated labor costs in determining the ACV of claims.

40.     Defendant had a duty to disclose to Plaintiff and other proposed class members that they were entitled to recover the full cost of labor necessary to repair or replace their property in their ACV payments. Defendant not only failed to disclose this information, but it also, by failing to disclose that it was depreciating labor costs in in its insurance policies and adjuster worksheets, acted in a manner designed to conceal its practice of labor depreciation from Plaintiff and other proposed class members. Because of Defendant's actions, Plaintiff and other proposed class members could not have known they had been underpaid on their claims through the exercise of due diligence.

41.     As the party to the insurance policy with superior knowledge, Defendant intended, or at least expected, that its conduct in concealing the depreciation of labor expenses in determining ACV would be acted upon by, or influence, Plaintiff and other proposed class members.

42.     At all times throughout the proposed class period, Defendant knew that it was depreciating labor costs in determining ACV.

43.     Given Defendant's concealment of its depreciation of labor costs in determining ACV, Plaintiff and other proposed class members lacked knowledge, or the means to know, that Defendant was depreciating labor costs in determining ACV.

44.     At all times during the proposed class period, Plaintiff and other proposed class members relied in good faith upon the conduct and statements of Defendant.

45.     Defendant's fraudulent concealment of its depreciation of labor costs prevented Plaintiff and other proposed class members from promptly challenging Defendant's conduct.

46.     Defendant's fraudulent concealment tolls the running of any statute of limitations that may otherwise be applicable to the claims for relief asserted herein.

## Count I – Breach of Contract

47.     Plaintiff hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

48.     Defendant entered into policies of insurance with Plaintiff and other members of the proposed class.  These policies govern the relationship between Defendant and Plaintiff and other proposed class members, as well as the manner in which claims for covered losses are handled.

49.     The insurance policies at issue were drafted by Defendant and are essentially identical in all respects material to this litigation.

50.     Plaintiff and other proposed class members complied with all material provisions and fulfilled their respective duties with regard to their policies.

51.     The policies of insurance Defendant issued to Plaintiff and other proposed class members state that in the event of a loss Defendant may fulfill its initial contractual obligation to an insured party by paying the ACV of the loss.  At all times relevant hereto, Defendant's custom and practice has been, and is, to make such payments based upon Defendant's calculation of the ACV for the loss, net of any applicable deductible.

52.     Defendant breached its contractual duty to pay Plaintiff and other proposed class members the ACV of their claims by unlawfully depreciating labor costs.

53.     Defendant's actions in breaching its contractual obligations to Plaintiff and other proposed class members benefitted, and continue to benefit, Defendant.  Likewise, Defendant's actions damaged, and continue to damage, Plaintiff and other proposed class members.

11

54.     Defendant's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and other proposed class members.

55.     Accordingly, Plaintiff and other proposed class members are entitled to recover damages sufficient to make them whole for the amounts Defendant unlawfully withheld from their ACV payments as labor cost depreciation.   Defendant should also disgorge all profits earned through its unlawful depreciation of labor costs and retention of those funds.

## Count II – Unjust Enrichment

56.     Plaintiff hereby incorporate by reference all preceding paragraphs as fully set forth herein.

57.     Defendant's conduct as described above, and as more specifically alleged in this Count, also constitutes unjust enrichment, for which Plaintiff and other proposed class members are entitled to pursue equitable remedies in accordance with Nebraska law.

58.     Defendant made payments to Plaintiff and other proposed class members for covered losses to their property which ostensibly represented the ACV of their claims, net of deductibles.  However, in calculating the ACV of such claims, Defendant wrongfully depreciated labor costs.  As a result, the payments Plaintiff and other proposed class members received were less than the true ACV of their claims.

59.     Defendant's actions were unjust and inequitable in that they paid Plaintiff and other proposed class members less than they were entitled to receive for their claims.

60.     Defendant's actions were unjust and inequitable in that Defendant failed to disclose to Plaintiff and other proposed class members that they were receiving less than the true ACV of their claims.

12

61.     Defendant's actions were unjust and inequitable in that Defendant concealed from Plaintiff and other proposed class members that they were receiving less than the true ACV of their claims.

62.     Defendant's actions were unjust and inequitable in that Defendant owed a fiduciary duty to, and/or had a special relationship with, Plaintiff and other proposed class members.

63.     As a result of its unjust and inequitable actions, Defendant was unjustly enriched by receiving something of value it was not entitled to.  More specifically, Defendant retained, and had the beneficial use of, money that Plaintiff and other proposed class members were entitled to and should have received in payment of their claims.

64.     As a result of its unjust and inequitable actions, Defendant was unjustly enriched by receiving money under such circumstances that in equity and goof conscience, it ought not to retain.

65.     Accordingly, Plaintiff and other proposed class members are entitled to restitution and other equitable relief.

### Count III – Violations of the Nebraska Consumer Protection Act

66.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

67.     Plaintiff, the other proposed lass members, and Defendant each qualify as a person engaged in trade or commerce contemplated by the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq.

13

68.     Defendant's depreciation of labor costs and failure to disclose its depreciation of labor in determining ACV constitutes unfair or deceptive acts or practices in violation of the Nebraska Consumer Protection Act, Neb Rev. Stat. § 59-1602.

69.     The aforesaid conduct constitutes a violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1603, in that it is a restraint on trade or commerce.

70.     These violations have caused financial injury to the Plaintiff and the other proposed class members.

71.     Defendant's violations of the Consumer Protection Act has an impact of great or general importance on the public.

72.     Plaintiff and the other proposed class members bring this action under Neb. Rev. Stat. § 59-1609 to enjoin further violations, to recover actual damages, and to recover costs of this action, including reasonable attorney's fees.

### Prayer for Relief

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, request that the Court grant the following relief:

A.     Certification that this lawsuit may be prosecuted as a class action pursuant to Nebraska Rev. Stat. § 25-319;

B.     Appoint Plaintiff and Plaintiff's counsel to represent the proposed class;

C.     Declare that Defendant has breached its contractual obligations to the Plaintiff and the proposed class by depreciating labor costs;

D.     Declare that Defendant has been unjustly enriched as the result of its wrongful conduct;

14

E.   Award Plaintiff and the proposed class damages in an amount equal to the total amount of depreciated labor costs withheld on Plaintiff's and proposed class members' claims;

F.   Award Plaintiff and the proposed class prejudgment and post-judgment interest on its liquidated and unliquidated damages;

G.   Direct Defendant to disgorge to Plaintiff and the proposed class all income earned as a result of its depreciation of labor costs;

H.   Enjoin Defendant from engaging in the unlawful and unjust conduct complained of herein;

I.   Award the proposed class reasonably attorney's fees and costs;

J.   Trial by Jury; and

K.   Any and all other relief to which Plaintiff and the other proposed class members appear to be entitled.

Respectfully submitted,

ERIC R. CHANDLER
**Law Offices of Eric R. Chandler, PC, LLO**
Keeline Building
319 South 17th Street, Suite 522
Omaha, Nebraska 68102
Telephone: 402-933-6858
Facsimile: (866) 929-7939
eric@ericchandlerlaw.com

and

M. AUSTIN MEHR
PHILIP G. FAIRBANKS
ERIK D. PETERSON
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, KY 40507

15

Telephone: 859-225-3731
Facsimile: 859-225-3830
Email: amehr@austinmehr.com
Email: pgf@austinmehr.com
Email: edp@austinmehr.com

*Counsel for Plaintiff and
the Proposed Class*

# Exhibit A

 **American Family Insurance Group**

Catastrophe Claims Service Center
P. O. Box 9436
Minneapolis MN 55440-9436
Phone: 1-866-881-4318
Fax:    1-866-774-4561 E-mail:CATFAX11@AmFam.com

September 21, 2011

HENN, ROSEMARY                          Claim Number:   00311479350
26655 WIRT PLZ                          Date of Loss:     8/18/2011
WATERLOO, NE 68069-5861

The attached estimate of damages has been prepared for your property. The estimate has used common prices for labor and material from your area.

Enclosed is our draft for the actual cash value (today's replacement cost less depreciation) of your damaged property. For Dwelling and Structure damages, we may have included your mortgage company, **WELLS FARGO BANK NA #708**, on the draft as required by your policy.

## Summary For Dwelling

| Replacement Cost Value | Less Recoverable Depreciation | Less Non Recoverable Depreciation | Actual Cash Value (ACV) |
|---|---|---|---|
| $3,252.60 | ($276.67) | | $2,975.93 |
| Less Deductible | | | ($1,000.00) |
| **Total ACV Settlement** | | | **$1,975.93** |

See the enclosed estimate for details of your settlement which may include other itemized details not shown above.

If you wish to make a claim for the recoverable depreciation amount, you must do **TWO** things:
1. You must have the item(s) replaced or repaired within one year from your date of loss. *Exception: Georgia and Washington policies ONLY – Please refer to your policy language as well as the section of this estimate titled Claiming Recoverable Depreciation following the Estimate Recap or Coverage Limit Details sections.
2. You must submit a final repair bill or purchase receipt showing the item(s) has been repaired or replaced.

The attached estimate is what we expect to be the reasonable cost to repair or replace the property. This estimate may not include permit fees. If total charges for repair/replacement plus permits exceed the amount shown here for that repair/replacement, prior to any deductible, then additional amounts may be payable. If the actual cost is more or less, the final payment will be adjusted accordingly. If you wish, you may repair or replace with higher quality items, however, you will be responsible for any increase in cost.

Please refer to your policy under either CONDITIONS – SECTION I or HOW WE SETTLE LOSSES – SECTION I for further details on determining your loss settlement.

Please present this estimate to a contractor or repair facility of your choice BEFORE you authorize the start of repairs. If any additional damage or costs are identified, for which you believe we should be responsible, they must be approved by a representative of American Family Insurance prior to having the additional work done. If you, your contractor, or repair facility have any questions, please contact us at (866) 881-4318.

 **American Family Insurance Group**

American Family Insurance appreciates your business.

Thank You,
Gregory Johnson
Catastrophe Adjuster

 **American Family Insurance Group**

| | | | |
|---|---|---|---|
| Insured: | HENN, ROSEMARY | Phone: | (000) 000-0000 |
| | 26655 WIRT PLZ | | |
| | WATERLOO, NE 68069-5861 | | |
| Claim Rep.: | Gregory Johnson | | |
| Estimator: | Gregory Johnson | | |

**Claim Number:** 00311479350      **Policy Number:** 26BE499201      **Type of Loss:** HAIL

| Coverage | Deductible | Policy Limit |
|---|---|---|
| Dwelling | $1,000.00 | $220,000.00 |
| Contents | $0.00 | $165,000.00 |

| | |
|---|---|
| Date Contacted: | 9/15/2011 4:00 PM |
| Date of Loss: | 8/18/2011 6:00 PM |
| Date Est. Completed: | 9/21/2011 4:35 PM |

| | |
|---|---|
| Price List: | NEOM5B_SEP11 |
| | Restoration/Service/Remodel |

 **American Family Insurance Group**

## Estimate Recap For Dwelling

| Description | RCV | Recoverable Depreciation | Non-recoverable Depreciation | ACV |
|---|---|---|---|---|
| HOUSE - EXTERIOR - ROOFING | 621.79 | 0.00 | 0.00 | 621.79 |
| HOUSE - EXTERIOR - GUTTERING | 222.63 | 44.53 | 0.00 | 178.10 |
| HOUSE - EXTERIOR - SIDING | 1,365.00 | 0.00 | 0.00 | 1,365.00 |
| HOUSE - EXTERIOR - FASCIA | 110.40 | 0.00 | 0.00 | 110.40 |
| HOUSE - EXTERIOR - SCREENS | 158.95 | 25.43 | 0.00 | 133.52 |
| HOUSE - EXTERIOR - DECK | 626.40 | 206.71 | 0.00 | 419.69 |
| HOUSE - EXTERIOR - ELECTRIC/AC | 147.43 | 0.00 | 0.00 | 147.43 |
| | **3,252.60** | **276.67** | **0.00** | **2,975.93** |

### IMPORTANT - Please read the definitions below

**What is replacement cost(RCV)?**
Replacement cost is the cost to repair the damaged item with an item of like kind and quality, without deduction for depreciation.

**What is depreciation?**
Depreciation is the amount deducted from the replacement cost based upon the age and condition of the item being replaced.

**What is actual cash value (ACV)?**
Actual cash value is based on the cost to repair or replace the damaged item with an item of like kind and quality, less depreciation.

**Lead Based Paint Warning:** If your home is older than 1978 it may contain lead painted materials. The EPA may require contractors to follow special procedures to contain and/or remediate lead from the damaged area. If a lead test is taken and your home was found to contain lead, American Family Insurance requires you to notify us before beginning any repairs. Please be aware that the EPA regulations consider lead to be a pollutant. Your policy limits the testing, cleaning, containment and removal of a pollutant to $10,000.00 for covered losses.

 **American Family Insurance Group**

## HENN__ROSEMARY

### House

### Exterior

### Roofing

| Description | Qty | Unit price | Base Service Charge | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|---|
| 1a. Remove Roof vent - turtle type - Metal | | | | | | |
| | 8.00 EA | $5.45 | $0.00 | $43.60 | -$0.00 | $43.60 |
| 1b. Replace Roof vent - turtle type - Metal | | | | | | |
| | 8.00 EA | $38.52 | $270.03 | $578.19 | -$0.00 | $578.19 |

**Roof is less than 6 months old. No depreciation for vents taken.**

| Totals | | | $270.03 | $621.79 | -$0.00 | $621.79 |
|---|---|---|---|---|---|---|

### Gutters/Downspouts

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|

The following line items account for replacement of the guttering and downspouts of this structure.

The insureds have indicated that the guttering and downspouts are 5 years old. They are in average condition. Based on a life expectancy of 25 years, final depreciation taken is 20%.

Front Side= 0 LF Gutter, 0LF Downspout
Right Side= 0 LF Gutter, 11 LF Downspout
Back Side= 0 LF Gutter, 32 LF Downspout
Left Side= 0 LF Gutter, 0 LF Downspout

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|
| 2a. Remove Gutter / downspout - aluminum - up to 5" | | | | | |
| | 41.00 LF | $0.30 | $12.30 | -$2.46 (20%) | $9.84 |
| 2b. Replace Gutter / downspout - aluminum - up to 5" | | | | | |
| | 41.00 LF | $5.13 | $210.33 | -$42.07 (20%) | $168.26 |

| Totals | | | $222.63 | -$44.53 | $178.10 |
|---|---|---|---|---|---|

### Siding

**LxWxH 0" x 0" x 8'**

**Subroom 1:    Rear elevation**

**Formula Elevation 30' x ... x 8'**

| 390.00 SF Walls | | 390.00 SF Walls & Ceiling |
|---|---|---|
| | | 30.00 LF Floor Perimeter |
| 390.00 SF Long Wall | 390.00 SF Short Wall | 36.06 LF Ceil. Perimeter |

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|

No depreciation applied as siding on garage and stain on siding is less than 6 months old.

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|
| 3a. Remove Siding - log - per independent material source | | | | | |
| | 390.00 SF | $0.29 | $113.10 | -$0.00 | $113.10 |
| 3b. Replace Siding - log - per independent material source | | | | | |
| | 390.00 SF | $2.31 | $900.90 | -$0.00 | $900.90 |
| 4. Seal & paint wood siding | | | | | |
| | 390.00 SF | $0.90 | $351.00 | -$0.00 | $351.00 |

| Totals | | | $1,365.00 | -$0.00 | $1,365.00 |
|---|---|---|---|---|---|

 **American Family Insurance Group**

## Fascia

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|
| The following line items account for replacement of the steel fascia on the rear of this structure. | | | | | |
| The insureds have indicated that the fascia is 6 months old. It is in average condition. Based on a life expectancy of 100 years, final depreciation taken is 0%. | | | | | |
| There was no visible storm damage found to the Front, Right, and Left Sides. | | | | | |
| 5a. Remove Fascia - metal - 6" | 30.00 LF | $0.21 | $6.30 | -$0.00 | $6.30 |
| 5b. Replace Fascia - metal - 6" | 30.00 LF | $3.47 | $104.10 | -$0.00 | $104.10 |
| **Totals** | | | **$110.40** | **-$0.00** | **$110.40** |

## Screens

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|
| The following line items account for replacement of the window screens of this structure. | | | | | |
| The insureds have indicated that the window screens are 5 years old. It is in average condition. Based on a life expectancy of 30 years, final depreciation taken is 16%. | | | | | |
| 6a. Remove Window screen, 10 - 16 SF | 5.00 EA | $2.29 | $11.45 | -$1.83 (16%) | $9.62 |
| 6b. Replace Window screen, 10 - 16 SF | 5.00 EA | $29.50 | $147.50 | -$23.60 (16%) | $123.90 |
| **Totals** | | | **$158.95** | **-$25.43** | **$133.52** |

## Deck

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|
| The following line items account for replacement of the paint on deck of this structure. | | | | | |
| The insureds have indicated that the paint is 5 years old. It is in average condition. Based on a life expectancy of 15 years, final depreciation taken is 33%. | | | | | |
| 7. Clean with pressure/chemical spray | 720.00 SF | $0.22 | $158.40 | -$52.27 (33%) | $106.13 |
| 8. Stain/finish deck | 720.00 SF | $0.65 | $468.00 | -$154.44 (33%) | $313.56 |
| **Totals** | | | **$626.40** | **-$206.71** | **$419.69** |

## AC/Electrical Repair

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|
| 9. Replace Comb and straighten a/c condenser fins - with trip charge | 1.00 EA | $147.43 | $147.43 | -$0.00 | $147.43 |

HENN, ROSEMARY       00311479350       9/21/2011       Page: 6

 **American Family Insurance Group**

## AC/Electrical Repair continued...

| Description | Qty | Unit price | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|
| **Totals** | | | $147.43 | -$0.00 | $147.43 |

| | | | Base Service Charge | Replacement Cost Total | Depreciation | Actual Cash Value |
|---|---|---|---|---|---|---|
| **Estimate Totals** | | | $270.03 | $3,252.60 | -$276.67 | $2,975.93 |

IN THE DISTRICT COURT OF DOUGLAS COUNTY NEBRASKA

| | | |
|---|---|---|
| ROSEMARY HENN, individually and<br>on behalf of all others similarly situated, | ) | CASE NO. CI 15 - _____ |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PRAECIPE |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

TO: CLERK OF SAID COURT

Please issue summons for service by certified mail, upon the following defendant:

               American Family Mutual Insurance Company
c/o    CSC Lawyers Incorporating Service Co.
               233 South 13th Street, Suite 1900
               Lincoln, Nebraska 68508

Please forward the Summons to the attorney for Plaintiff by electronic mail when available.  Thank you.

Dated this 16th day of June, 2015.

By: _____
       ERIC R. CHANDLER  #23313
       **Law Offices of Eric R. Chandler, PC, LLO**
       319 South 17th Street, Suite 522
       Omaha, Nebraska 68102-1911
       Telephone: 402-933-6858     FAX: (866) 929-7939
       eric@ericchandlerlaw.com

and

       M. AUSTIN MEHR
       PHILIP G. FAIRBANKS
       ERIK D. PETERSON
       **Mehr Fairbanks Trial Lawyers, PLLC**
       201 West Short Street, Suite 800
       Lexington, Kentucky 40507
       Telephone: 859-225-3731    Fax:  (859) 225-3830
       Email:  amehr@austinmehr.com
       Email:  pgf@austinmehr.com
       Email: edp@austinmehr.com

       *Counsel for Plaintiff and the Proposed Class*