**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| ROSEMARY HENN, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO.8:15-CV-00257-JFB-TDT |
| Plaintiff, | ) ) | |
| v. | ) ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

COMES NOW Defendant American Family Mutual Insurance Company ("American Family" or "Defendant"), and for its Answer to Plaintiff Rosemary Henn's ("Plaintiff") Class Action Complaint ("Complaint"), states as follows:

**Introduction**

1.      On or about August 18, 2011, Ms. Henn's home located at 26655 Wirtz Plaza, Waterloo, Nebraska (the "Insured Property") suffered damage covered by policy number 26BE499201 issued to Ms. Henn by American Family.  The damage to the Insured Property required replacement and/or repair.

**ANSWER**:   Defendant admits it insured the cited property as of August 18, 2011 pursuant to the policy number stated.  Defendant denies that the damage to the property required replacement and/or repair, and therefore otherwise denies the allegations contained in Paragraph 1 of the Complaint.

2.      While American Family did compensate Plaintiff for certain damage to her property, as alleged in detail below, under its actual cash value ("ACV") calculation, American Family systematically and improperly depreciated the cost of the labor required to repair the

1

damage to Plaintiff's property. As a result, American Family underpaid Plaintiff's claim, thus leaving Plaintiff under-indemnified.

**ANSWER**:   Defendant admits that it compensated Plaintiff for damage to her property. Defendant further admits it depreciated some but not all components of the estimated cost to repair and/or replace Plaintiff's property for purposes of its ACV calculation.  Defendant denies all other allegations contained in Paragraph 2 of the Complaint not specifically admitted herein.

3.      By underpaying Plaintiff's claim, American Family denied Plaintiff access to funds necessary to pick up the pieces during a period of great need and tremendous stress.  This is directly contrary to the purpose of insurance – to protect insureds when they are in such need.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      American Family's systematic underpayment of claims is not limited to Plaintiff's claims. On information and belief, American Family consistently depreciates the cost of labor from its ACV calculations for property damage claims made throughout Nebraska and has been doing so at all times relevant to the allegations of this Complaint.  This includes payments to victims of natural disasters such as tornados and other wind storms, victims of fire, and those who have suffered from any other form of covered real property loss.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Nebraska law allows an insurer to depreciate the value of building materials, but does not allow the depreciation of the cost of labor.  As a result, and as detailed below, by depreciating labor costs from its ACV calculations around Nebraska, American Family has

engaged, and continues to engage, in a systematic and unlawful pattern of underpayment of insurance claims.

**ANSWER**:   The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which a response is not required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

<strong>Parties</strong>

6.     Plaintiff Rose Henn is a resident of Douglas County, Nebraska.

**ANSWER**:   Defendant admits the allegation contained in Paragraph 6 of the Complaint.

7.     Defendant American Family is an insurance company domiciled in the state of Wisconsin and is believed to be licensed to do business in the State of Nebraska.

**ANSWER**:   Defendant admits that it is licensed to do business in the State of Nebraska, admits that it is a Wisconsin corporation, and denies any remaining allegations contained in Paragraph 7 of the Complaint.

8.     Defendant's service of process agent is CSC-Lawyers Incorporating Service, Co., located at 233 South 13th Street, Suite 1900, Lincoln, Nebraska 68508.

**ANSWER**:   Defendant admits that its service of process agent in Nebraska is CSC-Lawyers Incorporating Service, Co., and admits the remaining allegations contained in Paragraph 8 of the Complaint.

<strong>Jurisdiction and Venue</strong>

9.     Subject matter jurisdiction is proper in this court because this Court is a court of general jurisdiction.

**ANSWER**:   The allegations contained in Paragraph 9 of the Complaint are legal conclusions to which a response is not required.  To the extent a response is required, Defendant states that subject matter jurisdiction is proper in the United States District Court for the District of Nebraska.

10.     In determining the amount in controversy, Plaintiff clarifies that she is not seeking the aggregate amount of depreciated labor costs for herself and all proposed class members throughout the proposed class period.  Instead, depreciated labor costs for ACV payments are sometimes later paid to policyholders upon further adjustment of their claims.  If amounts for depreciated labor are later repaid to a policyholder, those amounts would not be included in the damages requested by Plaintiff on behalf of herself and the proposed class members.

**ANSWER**:   This paragraph is a clarification by Plaintiff, not an allegation of fact to which a response is required.  To the extent a response is required, Defendant denies that any amounts are owed to Plaintiff or her proposed class. Defendant denies all other allegations contained in Paragraph 10 of the Complaint not specifically admitted herein or elsewhere in this Answer.

11.     This Court has personal jurisdiction over American Family as American Family is licensed to do business in Nebraska and has had more than minimum contracts with the State of Nebraska and has availed itself of the privilege of conducting business in this state.

**ANSWER**:   The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which a response is not required.  To the extent that a response is required, American Family admits that it is licensed to do business in Nebraska.  Defendant denies all other allegations contained in Paragraph 11 of the Complaint not specifically admitted herein.

4

12.    Venue is proper in this Court because the claims asserted herein arise out of transactions between Plaintiff and American Family that occurred in Douglas County.

**ANSWER**:    The allegations contained in Paragraph 12 of the Complaint are legal conclusions to which a response is not required.  To the extent a response is required, Defendant states venue is proper in the United States District Court for the District of Nebraska.

### Factual Background

13.    Ms. Henn contracted with American Family for an insurance policy providing coverage for certain losses to her home – the Insured Property.  At all times relevant to this action Ms. Henn's property was insured under American Family Policy No. HOM051577692.

**ANSWER**:    Defendant admits it insured Plaintiff's property for certain losses as of August 18, 2011.  Defendant denies all other allegations contained in Paragraph 13 of the Complaint not specifically admitted herein.

14.    On or about August 18, 2011, the Insured Property, as well as property within the Insured Property, suffered damage covered by policy number 26BE499201.  The damage to the Insurance Property required replacement and/or repair.  Plaintiff timely submitted claims to American Family requesting payment for her covered losses.

**ANSWER**:    As to the first two sentences contained in Paragraph 14 of the Complaint, Defendant admits it insured the referenced property as of August 18, 2011 pursuant to the policy number stated, denies that the damage to the property required replacement and/or repair, and therefore otherwise denies the allegations contained in the first two sentences of Paragraph 14 of the Complaint.  As to the last sentence contained in Paragraph 14 of the Complaint, Defendant admits that Plaintiff timely submitted a storm damage claim.

5

15.     American Family subsequently confirmed that Plaintiff had sustained covered losses to her property, and that American Family was contractually obligated to pay Plaintiff's claim for her covered losses pursuant to the terms of their insurance policy.

**ANSWER**:   Defendant   admits   it   provided   coverage   for   Plaintiff's   alleged August 18, 2011 storm damage.  Defendant denies all other allegations contained in Paragraph 15 of the Complaint not specifically admitted herein.

16.     Soon after the August 18, 2011 loss, American Family sent an adjuster to inspect the damage to Ms. Henn's home.  As set forth in a written estimate and correspondence to Plaintiff, American Family's adjusters determined that Ms. Henn had suffered a covered loss in the amount of $3,252.60 to her home.  The estimate included the cost of materials and labor required to complete the repairs.  A copy of the estimate and correspondence sent to Ms. Henn is attached as Exhibit A.

**ANSWER**:    Defendant admits that an adjuster inspected damage to the home following the loss and that one estimate of repair costs was in the amount of $3,252.60, which included the cost of materials and labor required to complete the repairs.  Defendant admits that Exhibit A to the Complaint is a copy of the estimate and correspondence it sent to Ms. Henn.  By way of further response, Defendant states that Exhibit A speaks for itself and denies any allegations inconsistent therewith.  Defendant denies all other allegations contained in Paragraph 16 of the Complaint not specifically admitted herein.

17.     In calculating its payment obligations to Ms. Henn, American Family subtracted from the adjuster's replacement cost estimate the $1,000 deductible provided for in the policy plus an additional $276.67 for depreciation.

**ANSWER**:   Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18.     The estimate upon which Ms. Henn's payment was based indicates that American Family depreciated both material costs and labor costs associated with repairs to his office.  For example, American Family estimated the cost of staining and finishing the deck to be $468.00. American Family then depreciated from the total replacement cost estimate to stain and finish the deck, which constitutes labor and materials, $154.44 to arrive at what it designates as an "ACV," i.e. actual cash value, of $313.56.

**ANSWER**:   Defendant denies the allegations contained in the first sentence of Paragraph 18 of the Complaint.  Defendant admits the allegations contained in the second and third sentences of Paragraph 18 of the Complaint.

### Policy Terms and Claims Settlement Practices

19.     The policy of insurance American Family issued to Ms. Henn and other members of the proposed class provides replacement cost value ("RCV") coverage for both total loss and partial loss to covered dwellings and other structures.

**ANSWER**:    Defendant admits that the policy issued to Ms. Henn is a replacement cost policy, but denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     At all times relevant to this cause of action, American Family's custom and practice has been to pay its RCV policy holders the actual cash value ("ACV") of covered loss claims, net of any applicable deductible.  In order to qualify for additional payment and recover the full RCV of the covered loss, the insured party must repair, rebuild or replace the damaged property within a specific time frame and submit proof to American Family that the repair of

replacement was timely completed.  Costs that exceed the amount of the ACV payment are the responsibility of the policy holder.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.  At all times relevant hereto, American Family's methodology for calculating ACV has been to determine the cost of repairing or replacing the damaged property then deduct depreciation.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 21 of the Complaint for failing to accurately and completely state the methodology for calculating ACV.

22.  In the context of insurance law, "depreciation" is defined as "[a] decline in an asset's value because of use, wear, obsolescence, or age."  BLACK'S LAW DICTIONARY 506 (9th ed. 2009).  Materials used in the repair or replacement of damaged property e.g. roofing shingles or metal, diminished in value over time due to use, wear, obsolescence, and age.  As such, these are assets that can be depreciated.  In contrast, labor is not susceptible to aging or wear. Its value does not diminish over time.  Conceptually, and practically, depreciation simply cannot be applied to labor costs.

**ANSWER**:  The allegations contained in Paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required to any portion thereof, Defendant denies the allegations in Paragraph 22 of the Complaint.

23.  The universally accepted premise is that the basic purpose of property insurance is to provide indemnity to policy-holders.  To indemnify means to put the insured back in the position he or she enjoyed before the loss – no better and no worse.  A policy that provides for

8

payment of the ACV of a covered loss is an indemnity contract because the purpose of the ACV payment is to make the insured whole but not to benefit him or her because a loss occurred.  *See* APPLEMAN ON INSURANCE 2D § 3823.  An RCV policy expands the basic concept of indemnity to include coverage for repairs and replacement costs that exceed the ACV of the loss.

**ANSWER**:   The allegations contained in Paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required to any portion thereof, Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    In order to recover the RCV of her covered loss, Plaintiff and the other proposed class members are required to pay the out of pocket the difference between the cost of materials and labor necessary to repair or replace the damaged property and the depreciated ACV payment they received from Defendant.  While an insurer may lawfully depreciate materials costs in calculating the amount of an ACV payment owed to an insured, it may not depreciate labor costs. Defendant's failure to pay the full cost of the labor necessary to repair or replace Plaintiff's damaged property in the ACV payment left Plaintiff under-indemnified and underpaid for her losses.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.    Defendant materially breached its duty to indemnify Plaintiff by depreciating labor costs associated with repairs to Plaintiff's property in the ACV payment, thereby paying Plaintiff less than what she was entitled to receive under the terms of the insurance contract.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## Class Action Allegations

26.     Pursuant to Nebraska Rev. Stat. § 25-319, Plaintiff brings this action on her own behalf and on behalf and all others similarly situated. This action satisfies the § 25-319 requirements of commonality, numerosity, and superiority.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     The proposed class which Plaintiff seeks to represent is defined as follows:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from American Family for loss or damage to a dwelling, business, or other structure located in the State of Nebraska, such payments arising from events that occurred from June 1, 2005 through the date of trial of this Action, where the cost of labor was depreciated. Excluded from the Class are: (1) all persons and entities that received payment from American Family in the full amount of insurance shown on the declarations page; (2) American Family and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

**ANSWER**:    This paragraph does not state a factual allegation.  To the extent Plaintiffs are alleging the proposed class is suitable for certification in Paragraph 27 of the Complaint, Defendant denies such allegation.

28.     The members of the proposed class are so numerous that joinder of all members is impractical.   Plaintiff reasonably believe that hundreds if not thousands of people geographically dispersed across Nebraska have been damaged by Defendant's actions.  The names and addresses of the members of the proposed class are identifiable through records maintained by Defendant, and proposed class members may be notified of the pendency of this action by mailed, published and/or electronic notice.

**ANSWER**:    Defendant admits that the members of the proposed class are so numerous that joinder of all members is impractical.  Defendant denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.    Common questions of law and fact exist as to all proposed class members and predominate over any questions affecting only individual proposed class members.   The questions of law and fact common to the proposed class include, but are not limited to:

A. Whether Defendant's insurance policies allow Defendant to depreciate labor in calculating ACV payments for covered losses;

B. Whether Defendant's insurance policies are ambiguous concerning the depreciation of labor costs in calculating ACV payments, and if so, how Defendant's insurance policies should be interpreted;

C. Whether Defendant's depreciation of labor costs in making ACV payments for covered losses is a breach of the insurance contracts issued by Defendant to Plaintiff and other proposed class members.

D. Whether Plaintiff and other proposed class members have been damaged by Defendant's breaches, as alleged herein, and if so:

1. What is the nature and extent of those damages; and

2. What relief should be award to Plaintiff and other proposed class members;

E. Whether Defendant has been unjustly enriched by retaining money that should have been paid to Plaintiff and other proposed class members;

F. Whether Defendant violated Neb. Rev. Stat. § 59-1609 by depreciating labor costs in calculating ACV payments and refusing to disclose to Plaintiff and other proposed class members that it had done so.

**ANSWER**:    This paragraph does not state factual allegations to which a response is required.  To the extent Plaintiffs are alleging any facts in Paragraph 29 of the Complaint and a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint (including subparts A through F).

30.     Plaintiff's claims are typical of the claims of all the proposed class members, as they are all similarly affected by Defendant's custom and practice of unlawful and unjust conduct and their claims are based on such conduct.   Further, Plaintiff's claims are typical of the claims of all proposed class members because their claims arise from the same or similar underlying facts and are based on the same factual and legal theories.  Plaintiff is no different in any material respect from any other member of the proposed class – all members of the proposed class had labor unlawfully depreciated.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Plaintiff and her counsel will fairly and adequately protect the interests of the members of the proposed class.  Plaintiff's interests do not conflict with the interests of the class she seeks to represent.  Plaintiff has retained counsel who are competent and experienced in class action litigation and complex insurance-related cases and will fairly and adequately represent the interests of the proposed class.  Plaintiff and her counsel will prosecute this action vigorously.

**ANSWER**:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore denies the same.

32.     A class action is superior to all available methods for the fair and efficient adjudication of this controversy.   Joining all proposed class members in one action is impracticable, and prosecuting individual actions is not feasible.   The size of the individual claims is likely not large enough to justify filing a separate action for each claim.  For many, if not most class members, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice.  Even if proposed class members had the resources to

pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed.  Individual litigation exacerbates the delay and increases the expense for all parties, as well as the court system.  Moreover individual litigation could result in inconsistent adjudications of common issues of law and fact.

  **ANSWER**: Defendant admits that joining all proposed class members in one action is impracticable.  Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

  33. In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results and equal protect of the rights of Plaintiff and proposed class members.  These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

  **ANSWER**: Defendant denies the allegations contained in Paragraph 33 of the Complaint.

  34. Class certification is further warranted because Defendant has acted or refused to act on grounds that apply generally to the proposed class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the proposed class as a whole.

  **ANSWER**: Defendant denies the allegations contained in Paragraph 34 of the Complaint.

**Fraudulent Concealment and Equitable Estoppel**

35.    At all times relevant to the allegations set forth herein, Defendant owed a fiduciary duty to, and/or had a special relationship with, Plaintiff and other proposed class members.

**ANSWER**:    The allegations contained in Paragraph 35 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required to any portion thereof, Defendant denies the allegations in Paragraph 35 of the Complaint.

36.    Throughout the claims process, Plaintiff and other proposed class members asked Defendant to pay them what they were entitled to receive as the ACV of her covered losses under the terms of the insurance policy.  Defendant affirmatively responded to Plaintiff and other proposed class members that their ACV payments were the full amount owed under policies and that no additional money was owed under the ACV calculation.

**ANSWER**:    Defendant admits that Ms. Henn submitted a claim for the loss identified in Paragraph 1 of the Complaint, and admits it paid Ms. Henn the full ACV amount owed under the insurance policy.  Defendant denies that Ms. Henn ever requested payment for anything else, or payment of a different amount for ACV, and therefore the remaining allegations contained in Paragraph 36 of the Complaint are denied.

37.    Throughout the claims process, Defendant affirmatively responded to Plaintiff and other class members by providing them with worksheets purporting to detail any and all deductions assessed in determining the ACV calculation pursuant to the Nebraska Admin. Code Title 210, Ch. 60.  However, in violation of its duty under Nebraska Admin. Code Title 210,

Ch. 60 to detail any and all deductions, Defendant failed to detail, or even disclose, its depreciation of labor costs.

**ANSWER**:   Defendant admits it provided Ms. Henn the documents attached to the Complaint and that it fully satisfied its duties under Nebraska Administrative code Title 210, Ch. 60.  Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.   Neither Defendant's insurance policies in force during the proposed class period nor its adjuster's worksheets disclose that American Family depreciates labor costs.  Given American Family's practice of depreciating labor costs, the insurance policies and adjuster worksheets are thus materially misleading.

**ANSWER**:   Defendant denies the allegation contained in Paragraph 38 of the Complaint.

39.   Plaintiff and other proposed class members justifiably and reasonably relied upon Defendant's representations that they had received all they were entitled to recover as ACV payments from Defendant under the terms of their policies.  Plaintiff and other proposes class members likewise justifiably and reasonably relied upon Defendant's insurance policies and adjuster worksheets, neither of which disclosed that American Family depreciated labor costs in determining the ACV of claims.

**ANSWER**:   Defendant lacks knowledge regarding whether and to what extent Ms. Henn and unnamed putative class members relied on any representations, policies, and documents, and therefore denies the allegations in Paragraph 39 of the Complaint.  Defendant further denies that it failed to disclose its depreciation practices.

40.     Defendant had a duty to disclose to Plaintiff and other proposed class members that they were entitled to recover the full cost of labor necessary to repair or replace their property in their ACV payments.  Defendant not only failed to disclose this information, but it also, by failing to disclose that it was depreciating labor costs in in its insurance policies and adjuster worksheets, acted in a manner designed to conceal its practice of labor depreciation from Plaintiff and other proposed class members.  Because of Defendant's actions, Plaintiff and other proposed class members could not have known they had been underpaid on their claims through the exercise of due diligence.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     As the party to the insurance policy with superior knowledge, Defendant intended, or at least expected, that its conduct in concealing the depreciation of labor expenses in determining ACV would be acted upon by, or influence, Plaintiff and other proposed class members.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     At all times throughout the proposed class period, Defendant knew that it was depreciating labor costs in determining ACV.

**ANSWER**:   Defendant admits that, in those instances in which it depreciated labor costs in calculating ACV, it knew it was doing so. Otherwise, the allegations contained in Paragraph 42 of the Complaint are denied.

43.     Given Defendant's concealment of its depreciation of labor costs in determining ACV, Plaintiff and other proposed class members lacked knowledge, or the means to know, that Defendant was depreciating labor costs in determining ACV.

**ANSWER**:     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     At all times during the proposed class period, Plaintiff and other proposed class members relied in good faith upon the conduct and statements of Defendant.

**ANSWER**:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore denies the same.

45.     Defendant's fraudulent concealment of its depreciation of labor costs prevented Plaintiff and other proposed class members from promptly challenging Defendant's conduct.

**ANSWER**:     Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant's fraudulent concealment tolls the running of any statute of limitations that may otherwise be applicable to the claims for relief asserted herein.

**ANSWER**:     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

## Count I – Breach of Contract

47.     Plaintiff hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

17

**ANSWER**:   Defendant incorporates its responses to the paragraphs incorporated in Paragraph 47 of the Complaint.

48.   Defendant entered into policies of insurance with Plaintiff and other members of the proposed class.  These policies govern the relationship between Defendant and Plaintiff and other proposed class members, as well as the manner in which claims for covered losses are handled.

**ANSWER**:   Defendant admits it entered into a policy of insurance with Ms. Henn, and the policy governs the relationship between Defendant and Ms. Henn, as well as the manner in which claims for covered losses are handled.  Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.   The insurance policies at issue were drafted by Defendant and are essentially identical in all respects material to this litigation.

**ANSWER**:   Defendant admits it drafted Ms. Henn's insurance policy.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49 of the Complaint, and therefore denies the same.

50.   Plaintiff and other proposed class members complied with all material provisions and fulfilled their respective duties with regard to their policies.

**ANSWER**:   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same.

51.   The policies of insurance Defendant issued to Plaintiff and other proposed class members state that in the event of a loss Defendant may fulfill its initial contractual obligation to

18

an insured party by paying the ACV of the loss.   At all times relevant hereto, Defendant's custom and practice has been, and is, to make such payments based upon Defendant's calculation of the ACV for the loss, net of any applicable deductible.

**ANSWER**:   Defendant states that Paragraph 51 of the Complaint fails to adequately and completely restate the applicable policy provisions or payment practices, and for that reason, Defendant denies the allegations contained in Paragraph 51 of the Complaint.  By way of further response, Defendant states that the policy of insurance issued to Plaintiff speaks for itself and denies any allegations in Paragraph 51 of the Complaint inconsistent therewith.

52.   Defendant breached its contractual duty to pay Plaintiff and other proposed class members the ACV of their claims by unlawfully depreciating labor costs.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.   Defendant's actions in breaching its contractual obligations to Plaintiff and other proposed class members benefitted, and continue to benefit, Defendant.  Likewise, Defendant's actions damaged, and continue to damage, Plaintiff and other proposed class members.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.   Defendant's actions in breaching its contractual obligations, as described herein, are the direct and proximate cause of damages to Plaintiff and other proposed class members.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Accordingly, Plaintiff and other proposed class members are entitled to recover damages sufficient to make them whole for the amounts Defendant unlawfully withheld from their ACV payments as labor cost depreciation.  Defendant should also disgorge all profits earned through its unlawful depreciation of labor costs and retention of those funds.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 55 of the Complaint.

**Count II – Unjust Enrichment**

56.     Plaintiff hereby incorporates by reference all preceding paragraphs as fully set forth herein.

**ANSWER**:   Defendant incorporates its responses to the paragraphs incorporated in Paragraph 56 of the Complaint.

57.     Defendant's conduct as described above, and as more specifically alleged in this Count, also constitutes unjust enrichment, for which Plaintiff and other proposed class members are entitled to pursue equitable remedies in accordance with Nebraska law.

**ANSWER**:  Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant made payments to Plaintiff and other proposed class members for covered losses to their property which ostensibly represented the ACV of their claims, net of deductibles.  However, in calculating the ACV of such claims, Defendant wrongfully depreciated labor costs.  As a result, the payments Plaintiff and other proposed class members received were less than the true ACV of their claims.

**ANSWER**:    Defendant admits it made payments to Ms. Henn for covered losses to her property pursuant to her insurance policy.  Defendant denies the remaining allegations contained in Paragraph 58 of the Complaint.

59.    Defendant's actions were unjust and inequitable in that they paid Plaintiff and other proposed class members less than they were entitled to receive for their claims.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.    Defendant's actions were unjust and inequitable in that Defendant failed to disclose to Plaintiff and other proposed class members that they were receiving less than the true ACV of their claims.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.    Defendant's actions were unjust and inequitable in that Defendant concealed from Plaintiff and other proposed class members that they were receiving less than the true ACV of their claims.

**ANSWER**:    Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62.    Defendant's actions were unjust and inequitable in that Defendant owed a fiduciary duty to, and/or had a special relationship with, Plaintiff and other proposed class members.

**ANSWER**:   The allegations contained in Paragraph 62 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required to any portion thereof, Defendant denies the allegations in Paragraph 62 of the Complaint.

63.     As a result of its unjust and inequitable actions, Defendant was unjustly enriched by receiving something of value it was not entitled to.  More specifically, Defendant retained, and had the beneficial use of, money that Plaintiff and other proposed class members were entitled to and should have received in payment of their claims.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     As a result of its unjust and inequitable actions, Defendant was unjustly enriched by receiving money under such circumstances that in equity and goof conscience, it ought not to retain.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Accordingly, Plaintiff and other proposed class members are entitled to restitution and other equitable relief.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 65 of the Complaint.

<u>**Count III – Violations of the Nebraska Consumer Protection Act**</u>

66.     Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

**ANSWER**:   Defendant incorporates its responses to the paragraphs incorporated in Paragraph 66 of the Complaint.

67.   Plaintiff, the other proposed lass members, and Defendant each qualify as a person engaged in trade or commerce contemplated by the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, et seq.

**ANSWER**:   The allegations contained in Paragraph 67 of the Complaint are legal conclusions to which a response is not required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and therefore denies the same.

68.   Defendant's depreciation of labor costs and failure to disclose its depreciation of labor in determining ACV constitutes unfair or deceptive acts or practices in violation of the Nebraska Consumer Protection Act, Neb Rev. Stat. § 59-1602.

**ANSWER**:   The allegations contained in Paragraph 68 of the Complaint are legal conclusions to which a response is not required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.   The aforesaid conduct constitutes a violation of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1603, in that it is a restraint on trade or commerce.

**ANSWER**:   The allegations contained in Paragraph 69 of the Complaint are legal conclusions to which a response is not required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.   These violations have caused financial injury to the Plaintiff and the other proposed class members.

23

**ANSWER**:   Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.    Defendant's violations of the Consumer Protection Act has an impact of great or general importance on the public.

**ANSWER**:   Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.    Plaintiff and the other proposed class members bring this action under Neb. Rev. Stat. § 59-1609 to enjoin further violations, to recover actual damages, and to recover costs of this action, including reasonable attorney's fees.

**ANSWER**:   The allegations contained in Paragraph 72 of the Complaint are legal conclusions to which a response is not required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    Defendant denies all other allegations in the Complaint not specifically admitted in Paragraphs 1-72 above.

### Defendant's Affirmative Defenses

1.    Plaintiff's claims and the claims of proposed class members are barred by the doctrine of waiver.

2.    Plaintiff's claims and the claims of proposed class members are barred by the doctrine of accord and satisfaction.

3.    Plaintiff's claims and the claims of proposed class members are barred or reduced by the doctrine of failure to mitigate damages.

4.      Plaintiff's Class Action Complaint and Jury Demand fails to state a claim upon which relief may be granted.

5.      Some claims of the proposed class members will be barred by release.

6.      Some claims of the proposed class are barred by the operative statute of limitations.

7.      American Family acted reasonably and in compliance with the terms of the insurance policy and applicable laws in adjusting the Plaintiff's request for benefits.

8.      If any proposed class members litigated over a property damage claim, their respective claims would be barred by the doctrine of res judicata.

9.      Some claims of the proposed class members will be barred by the doctrine of laches.

10.     Plaintiff's claims and the claims of proposed class members are barred by the doctrine of estoppel.

11.     Plaintiff's complaint fails to satisfy the requirements of Nebraska Rev. Stat. § 25-319 for certification of a class action.

Defendant reserves the right to raise any and all other defenses that may become evident during discovery and/or any other proceeding in this action.

## Conclusion

WHEREFORE, Defendant American Family Mutual Insurance Company, having answered the allegations of Plaintiff's Complaint, prays that this Court:

(a)     dismiss Plaintiff's Complaint with prejudice;

(b)     enter judgment thereon in American Family's favor;

(c)      award American Family its reasonable costs, attorney fees, and expert witness fees incurred in connection with this case, to the extent allowed by law; and

(d)      award American Family such other further relief as this Court deems proper.

Respectfully submitted this 31st day of July, 2015.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant

By:      */s/ Bartholomew L. McLeay*
Bartholomew L. McLeay, #17746
Brooke H. McCarthy, #25077
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102
Telephone:  (402) 346-6000
Facsimile:  (402) 346-1148
Email:  bart.mcleay@kutakrock.com
Email:  brooke.mccarthy@kutakrock.com

and

Michael S. McCarthy *(pro hac vice)*
Daniel D. Williams *(pro hac vice)*
Jennifer L. Sullivan *(pro hac vice)*
FAEGRE BAKER DANIELS LLP
1700 Lincoln Street, Suite 3200
Denver, Colorado  80203
Telephone:  (303) 607-3500
Facsimile:  (303) 607-3600
Email:  michael.mccarthy@FaegreBD.com
Email:  dan.williams@FaegreBD.com
Email:  jennifer.sullivan@FaegreBD.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of July, 2015, I electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system and e-served same to the following via the CM/ECF system:

Eric R. Chandler, Esq.
Law Offices of Eric R. Chandler, PC, LLO
Keeline Building
319 South 17th Street, Suite 522
Omaha, Nebraska 68102

M. Austin Mehr, Esq.
Philip G. Fairbanks, Esq.
Erik D. Peterson, Esq.
Mehr Fairbanks Trial Lawyers, PLLC
201 West Short Street, Suite 800
Lexington, Kentucky 40507

*Attorneys for Plaintiff and the Proposed Class*

 _/s/ Bartholomew L. McLeay_____
Bartholomew L. McLeay