IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROSEMARY HENN, individually and on behalf of all others similarly situated;<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>     Defendant. | 8:15CV257<br><br>**CERTIFICATE FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**<br><br>**TO**<br><br>**THE SUPREME COURT OF THE STATE OF NEBRASKA,**<br><br>**PURSUANT TO**<br>Neb. Rev. Stat. § 24-219 |

To the Supreme Court of the State of Nebraska and the Honorable Justices of the Court:

It appears to the United States District Court for the District of Nebraska that the above-filed case in this court involves a question or proposition of the law of the State of Nebraska which is determinative of the cause before the court, and there appear to be no clear, controlling precedents on the issue in the decisions of the Supreme Court of the State of Nebraska.[1] Pursuant to Neb. Rev. Stat. § 24-221, the court states as follows:

---

[1] Also, courts in other jurisdictions have reached differing conclusions with respect to whether labor costs should be included in the estimated costs of replacement from which depreciation is deducted. *See, e.g., Riggins v. American Family Mut. Ins. Co.*, 106 F.Supp.3d 1039, 1041 (W.D. Mo. 2015) (finding depreciation for labor was improper); *Graves v. American Family, Mut. Ins. Co.*, 2015 WL 4478468 at *4 (D. Kan. July 22, 2015) (finding the policy the definition of actual cash value expressly authorized labor depreciation); *Labrier v. State Farm Fire and Cas. Co.*, No. 2:15-cv-04093-NKL, 2015 WL 7738362 (W.D. Mo. 2015) (finding in light of policy ambiguities, labor costs were not subject to depreciation in determining actual cash value); *Adams v. Cameron Mut. Ins.*, 430 S.W.3d 675, 678-79 (Ark. 2013) (finding "depreciation plainly means 'a decline in an assets value because of use, wear, obsolescence or age' and these factors do not apply to labor."); *Bailey v. State Farm Fire and Cas. Co.*, No. 14–53–HRW, 2015 WL 1401640, *6 (E.D. Ky. 2015) (finding the depreciation of labor in calculating actual cash value is improper); *Shelter Mut. Ins. Co. v. Goodner*, 477 S.W.3d 512, 515 (Ark. 2015)

1. **Statement of Facts**

This is a putative class action. The plaintiff seeks to represent a class of insureds whose payments for "actual cash value" were reduced by American Family through depreciation of costs for labor from June 1, 2005 through the date of trial of this action.

The defendant, American Family Mutual Insurance Company issued a homeowners' insurance policy, American Family's Nebraska Homeowners Policy Goldstar Special Deluxe Form No. 26-BE4992-01 ("the Policy") to the plaintiff, Rosemary Henn, in 2011. The policy is a replacement cost policy. The plaintiff reported to American Family that a hail storm damaged portions of her home and later made a claim for the damage under the Policy.

The Policy provides, in relevant part, that an insured may recover, following a covered loss, "the cost to repair the damaged portion or replace the damaged building, provide repairs to the damaged portion or replacement of the damaged building are completed" or "if at the time of loss, . . . the building is not repaired or replaced, we will pay the actual cash value at the time of loss of the damaged portion of the building up to the limit applying to the building." The policy does not define "actual cash value" or depreciation or describe the methods employed to calculate "actual cash value."

---

(finding that defining "actual cash value" to include depreciation of labor violates state law); *Redcorn v. State Farm Fire and Cas. Co.*, 55 P.3d 1017, 1020-21 (Okla. 2002) (an insurance company may depreciate the cost of labor to replace a residential roof when determining the actual cash value); *see also Davis v. Mid-Century Ins. Co.*, 311 F.3d 1250, 1252 (10th Cir. 2002) and *Branch v. Farmers Ins.,* 311 F.3d at 1243 (companion cases holding, under Oklahoma law, that the cost of removing damaged shingles is not subject to depreciation, but the labor cost of installing new shingles is subject to depreciation); *Papurello v. State Farm Fire & Cas. Co.*, No. 15–1005, 2015 WL 7177235, at *20-21 (W.D. Penn. Nov. 16, 2015) (predicting the Pennsylvania Supreme Court would conclude insurer did not breach the policy by including tax and labor costs, in addition to the costs of physical materials, in estimating replacement costs from which depreciation was deducted to arrive at plaintiffs' "actual cash value at the time of the loss" payment).

As relevant to the case before the court, a claims adjuster employed by American Family met with the plaintiff at her home and observed the damage from the storm to the roof vent caps, guttering, siding, fascia, screens, deck, and the home's electric/AC. The adjuster determined that Henn suffered a covered loss in the amount of $3,252.60 for all damages to the property. That amount reflected the replacement cost value, based on common prices for labor and materials in the area.

In calculating its payment obligations under the Policy, American Family subtracted from the adjuster's replacement cost estimate the $1,000 deductible provided for in the Policy. American Family also subtracted $276.67 in depreciation, and paid Henn an actual cash value payment of $1,975.93. The depreciation amount included labor costs. At issue herein is whether labor as well as materials can be depreciated. The plaintiff alleges that "hundreds if not thousands" of Nebraska insureds have been similarly damaged by the defendant's actions.

**2.    Question of Law to be Answered**

May an insurer, in determining the "actual cash value" of a covered loss, depreciate the cost of labor when the terms "actual cash value" and "depreciation" are not defined in the policy and the policy does not explicitly state that labor costs will be depreciated?

IT IS ORDERED that:

1.    The United States District Court for the District of Nebraska certifies the question of law set out above to the Supreme Court of the State of Nebraska for instructions concerning said question of law, based on the facts recited, pursuant to Neb. Rev. Stat. §§ 24-219 to 24-225.

2. Pursuant to Neb. Rev. Stat. § 24-222, the clerk of this court is hereby directed to transmit this certification request to the Nebraska Supreme Court under the official seal of the United States District Court for the District of Nebraska, by mail to

    The Clerk of the Nebraska Supreme Court
    2413 State Capitol
    1445 K Street / P.O. Box 98910
    Lincoln, NE 68509

Dated this 7th day of June, 2016.

                                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Senior United States District Judge